UNITED STATES DISTRICT COURT        'O'
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 12-456-CAS | Date | December 30, 2013 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Jennifer Chou, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| RAUL ANTHONY GAMERA | NOT | X | | GEORGE BUEHLER | NOT | X | |

**Proceedings:** (IN CHAMBERS): MOTION TO WITHDRAW GUILTY PLEA (Dkt. #54, filed Nov. 6, 2013)

## I.    INTRODUCTION AND BACKGROUND

On May 11, 2012, a grand jury charged defendant Raul Anthony Gamera in a single-count indictment with possession of a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g)(1).  Dkt. #1.

Defendant pled guilty to the single-count indictment on April 8, 2013.  Dkt. #33.  Defendant moved to withdraw his plea on November 6, 2013.  Dkt. #54.  The government filed an opposition on November 19, 2013.  Dkt. #60.  The Court held a hearing on December 9, 2013.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

Pursuant to Fed. R. Crim. P. 11(d)(2)(B), the court may, prior to sentencing, permit a defendant to withdraw a plea of guilty "if the defendant can show a fair and just reason for requesting the withdrawal."  "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." United States v. Davis, 428 F.3d 802, 805 (9th Cir. 2005) (quoting United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2004)).  While the defendant bears the burden of establishing a fair and just reason for withdrawal of a plea, "the standard is applied liberally." Davis, 428 F.3d at 805.  However, a defendant does not have a right to withdraw a guilty plea. United States v. Myers,

UNITED STATES DISTRICT COURT          'O'
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

993 F.2d 713, 714 (9th Cir. 1993).  The decision to permit withdrawal of a guilty plea is within the discretion of the district court.  <u>United States v. Nostratis</u>, 321 F.3d 1206, 1208 (9th Cir. 2003).

### III.   DISCUSSION

Defendant argues that he should be permitted to withdraw his guilty plea because he pled guilty under the misapprehension, conveyed by prior counsel, that he had no defense to the charge against him.  <u>Id.</u> at 7-10.  Defendant contends that he is now informed that the evidence possessed by the government is insufficient to support a conviction based on a theory of constructive possession of a firearm, and that he therefore has a viable defense to the charge.[1] <u>Id.</u> at 6-7.  The government responds that defendant's argument is equivalent to an argument that the evidence against him is not as strong as he previously believed.  Opp. Mot. Withdraw at 21.  According to the government, such an argument is insufficient to support a withdrawal of a guilty plea.  <u>Id.</u>

The Court finds the government's argument persuasive.  "A defendant is not entitled to withdraw his guilty plea merely because he discovers . . . that his calculus misapprehended the quality of the [government's] case."  <u>United States v. Showalter</u>, 569 F.3d 1150, 1155 (9th Cir. 2009) (citing <u>Brady v. United States</u>, 397 U.S. 742, 756-57 (1970)).  Much of defendant's motion is devoted to discussing the evidence shown on a surveillance video of defendant and a confidential informant engaged in a transaction for the purchase of a firearm.  <u>See</u> Mot. Withdraw at 3-7.  The crux of this discussion is defendant's contention that the evidence that defendant had constructive possession of the firearm would be "extremely weak and is not supported by the evidence."  <u>Id.</u> at 6-7.  This argument attacking the strength of the government's case is not a sufficient basis for defendant to withdraw his guilty plea.  <u>See</u> <u>Showalter</u>, 569 F.3d at 1155.[2]

---

[1] In his motion, defendant references a video recording made by a confidential informant during the investigation that led to the indictment in the present case.  <u>See</u> Notice of Lodging, Dkt. #64.  After the hearing on defendant's motion, the Court reviewed the video recording.

[2] Defense counsel clarified at the hearing on this motion that he is not arguing that defendant should be permitted to withdraw his plea due to ineffective assistance of prior counsel.  Accordingly, the Court need not address the government's argument that raising a defense to constructive possession at trial would have been frivolous.  Opp. Mot. Withdraw at 19-21.

UNITED STATES DISTRICT COURT       'O'
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

      Defendant also argues that the plea agreement mischaracterizes his role in the events giving rise to the charge, Mot. Withdraw at 8, and that he did not previously pay attention to the statements in the plea agreement because he did not believe he had a viable defense to the charge, Gamera Decl. The Court is unpersuaded by this argument. The plea agreement signed by defendant states that defendant agrees to the statement of facts set forth therein, which provides that defendant "knowingly possessed a firearm . . . [that] had been shipped or transported from one state to another or from a foreign nation to the United States," and that defendant "brokered a sale of the firearm to a confidential informant." Dkt. #29 at 5-6. Defendant further agreed that the confidential informant paid defendant $500 for the firearm, and that defendant brought the firearm to the informant's car. Id. During the plea colloquy, defendant agreed under penalty of perjury that the government would be able to prove these facts beyond a reasonable doubt. Opp. Mot. Withdraw, Ex. B at 19. The Court accords great weight to this "solemn declaration[] made in open court," see Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986), and credits it over defendant's instant declaration.

      Finally, defendant argues that the evidence contained in the video recording would support an entrapment defense. Mot. Withdraw at 9. This argument is again unavailing because, in the absence of allegations that prior counsel was ineffective for failing to advise defendant that he might have an entrapment defense, or that the defense of entrapment has become viable based on newly available evidence, the naked assertion that the evidence would support such a defense is not a sufficient basis for withdrawing a guilty plea. See United States v. Pearson, 483 F.2d 809, 810-11 (9th Cir. 1973); United States v. McTiernan, 569 F.3d 1150, 1154 (9th Cir. 2008) (noting that plea withdrawal is appropriate based on circumstances "that did not exist when the defendant entered his plea").

      Moreover, based on the Court's review of the video recording made by the confidential informant, the Court is unpersuaded that the evidence would support an entrapment defense. The defense of entrapment consists of "government inducement of the crime and absence of predisposition on the part of the defendant." United States v. Gurolla, 333 F.3d 944, 951 (9th Cir. 2003). The Court is unable to discern any conduct on the recording that suggests that the government engaged in "inducement of the crime" that rises to the level of entrapment. See United States v. Batterjee, 361 F.3d 1210, 1218 (9th Cir. 2004) ("It is only when the Government's deception actually implants the criminal design in the mind of the defendant that the defense of entrapment comes into play."). Rather, the video shows a routine undercover operation involving the purchase of a firearm.

UNITED STATES DISTRICT COURT        'O'
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES - GENERAL

## V. CONCLUSION

Based on foregoing, defendant's motion to withdraw his guilty plea is DENIED without prejudice to being renewed on other grounds.

IT IS SO ORDERED.

                                                                00      :      00

Initials of Deputy Clerk      CMJ

cc: U.S. Probation